In re:   Case No. 23-60243-jpg
Inez Avanell Crowe   Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0647-6    User: lbald    Page 1 of 2
Date Rcvd: Mar 07, 2023    Form ID: pdf700ca    Total Noticed: 23

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 09, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Inez Avanell Crowe, 2629 Lexington Ave, Mansfield, OH 44904-1423 |
| 27451348 | | AscensionPoint Recovery Services, 200 Coon Rapids Blvd, Minneapolis, MN 55433-5876 |
| 27451356 | + | Donald E. Crowe, 2629 Lexington Ave., Mansfield, OH 44904-1423 |
| 27451357 | + | EMBCC, Mid Ohio Emergency Group LLC, PO Box 650763, Dallas, TX 75265-0763 |
| 27451362 | | Medicount Managment Inc, PO Box 371863, Pittsburgh, PA 15250-7863 |
| 27451363 | + | Speedway/SuperAmerica, Attn: Bankruptcy, Po Box 1590, Springfield, OH 45501-1590 |
| 27451366 | | Wells Fargo Card Services, PO BOX 77053, Minneapolis, MN 55480-7753 |

TOTAL: 7

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 27451347 | + | Email/PDF: bncnotices@becket-lee.com | Mar 07 2023 21:05:36 | Amex, Correspondence/Bankruptcy, Po Box 981540, El Paso, TX 79998-1540 |
| 27451349 | + | Email/Text: creditcardbkcorrespondence@bofa.com | Mar 07 2023 20:51:00 | Bank of America, Attn: Bankruptcy, 4909 Savarese Circle, Tampa, FL 33634-2413 |
| 27451350 | | Email/Text: cms-bk@cms-collect.com | Mar 07 2023 20:52:00 | Capital Management Services, LP, PO Box 120, Buffalo, NY 14220-0120 |
| 27451351 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Mar 07 2023 20:54:41 | Capital One, PO Box 31293, Salt Lake City, UT 84131-0293 |
| 27451352 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Mar 07 2023 20:55:16 | Capital One -Walmart Mastercard, P O Box 4069, Carol Stream, IL 60197-4069 |
| 27451355 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | Mar 07 2023 21:05:36 | Citi/Sears, Citibank/Centralized Bankruptcy, Po Box 790034, St Louis, MO 63179-0034 |
| 27451361 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | Mar 07 2023 21:05:32 | Macys/fdsb, Attn: Bankruptcy, 9111 Duke Boulevard, Mason, OH 45040 |
| 27451358 | | Email/Text: collecadminbankruptcy@fnni.com | Mar 07 2023 20:52:00 | First National Bank, Attn: Bankruptcy, P.O. Box 3128, Omaha, NE 68103 |
| 27451359 | | Email/Text: collecadminbankruptcy@fnni.com | Mar 07 2023 20:52:00 | First National Bank Of Omaha, Attn: Bankruptcy, P.O. Box 3128, Omaha, NE 68103 |
| 27451360 | + | Email/Text: bankruptcy@huntington.com | Mar 07 2023 20:52:00 | Huntington National Bank, Attn: Bankruptcy, Po Box 340996, Columbus, OH 43234-0996 |
| 27451354 | | Email/PDF: ais.chase.ebn@aisinfo.com | Mar 07 2023 20:54:55 | Chase Mortgage, Chase Records Center-Bankruptcy, Mail Code LA4 5555 700 Kansas Ln, Monroe, LA 71203 |
| 27451353 | | Email/PDF: ais.chase.ebn@aisinfo.com | Mar 07 2023 20:54:53 | Chase Card Services, Attn: Bankruptcy, P.O. 15298, Wilmington, DE 19850 |
| 27452134 | + | Email/PDF: rmscedi@recoverycorp.com | Mar 07 2023 21:05:34 | PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 27451364 | + | Email/PDF: gecsedi@recoverycorp.com | Mar 07 2023 20:55:17 | Synchrony Bank/JCPenney, Attn: Bankruptcy, Po |

| | | | | |
|---|---|---|---|---|
| 27451365 | + | Email/PDF: gecsedi@recoverycorp.com | Mar 07 2023 20:55:00 | Box 965060, Orlando, FL 32896-5060<br>Synchrony Bank/Sams Club, Attn: Bankruptcy, Po Box 965060, Orlando, FL 32896-5060 |
| 27451367 | + | Email/PDF: ais.wellsfargo.ebn@aisinfo.com | Mar 07 2023 20:55:17 | Wells Fargo Jewelry Advantage, Attn: Bankruptcy, Po Box 10438, Des Moines, IA 50306-0438 |

TOTAL: 16

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | *+ | PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |

TOTAL: 0 Undeliverable, 1 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 09, 2023        Signature:        /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 6, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Jonathon Carl Elgin | on behalf of Debtor Inez Avanell Crowe jc@jcelgin.com elgin.jonathonc.r116646@notify.bestcase.com |

TOTAL: 1

Fill in this information to identify your case:

Debtor 1: **Inez Avanell Crowe**
First Name   Middle Name   Last Name

Debtor 2:
(Spouse, if filing)
First Name   Middle Name   Last Name

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF OHIO**

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Case number:
(If known)

Official Form 113
# Chapter 13 Plan                                                           12/17

### Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not Included |
| --- | --- | --- | --- |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ■ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ■ Not Included |

### Part 2: Plan Payments and Length of Plan

2.1    Debtor(s) will make regular payments to the trustee as follows:

**$1494.18** per **Month** for **36** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2    Regular payments to the trustee will be made from future income in the following manner.

*Check all that apply:*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.
■ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
   *Check one.*

Debtor    **Inez Avanell Crowe**    Case number    **23-60243**

- ☐ Debtor(s) will retain any income tax refunds received during the plan term.

- ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

- ■ Debtor(s) will treat income refunds as follows:
  **Debtor will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term exceeding $2,000.00**

**2.4 Additional payments.**
*Check one.*
- ■ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $**53,790.48**.

### Part 3: Treatment of Secured Claims

**3.1** Maintenance of payments and cure of default, if any.

*Check one.*
- ☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
- ■ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Chase Mortgage | 2629 Lexington Ave. Mansfield, OH 44904 Richland County | $576.87 <br> Disbursed by: <br> ■ Trustee <br> ☐ Debtor(s) | Prepetition: $0.00 | 0.00% | $0.00 | $20,767.32 |

*Insert additional claims as needed.*

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

- ■ **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
- ☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
- ■ The claims listed below were either:

  (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

  (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

  These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by

23-60243-jpg    Doc 10    FILED 03/09/23    ENTERED 03/10/23 00:13:40    Page 4 of 7

Debtor   Inez Avanell Crowe          Case number   23-60243

the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Huntington National Bank | 2018 Ford Escape 20000 miles | $14,367.70 | 0.00% | $0.00 Disbursed by: ☐ Trustee ■ Debtor(s) | $0.00 |

*Insert additional claims as needed.*

**3.4   Lien avoidance.**

*Check one.*

■ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5   Surrender of collateral.**

*Check one.*

■ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**Part 4:   Treatment of Fees and Priority Claims**

**4.1   General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2   Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**5,379.12**.

**4.3   Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**2,113.00**.

**4.4   Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

■ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5   Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

■ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**Part 5:   Treatment of Nonpriority Unsecured Claims**

**5.1   Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐   The sum of $ _____ .

■   **31.00** % of the total amount of these claims, an estimated payment of $  **25,531.04**  .

Debtor   **Inez Avanell Crowe**     Case number   **23-60243**

☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **24,746.50**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

5.2   **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

■ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

5.3   **Other separately classified nonpriority unsecured claims.** *Check one*.

■ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

6.1   **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

■ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

7.1   **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
■ plan confirmation.
☐ entry of discharge.
☐ other: _____

### Part 8: Nonstandard Plan Provisions

8.1   **Check "None" or List Nonstandard Plan Provisions**
■ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

### Part 9: Signature(s):

9.1   **Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X  **/s/ Inez Avanell Crowe**                              X  _____
   **Inez Avanell Crowe**                                      Signature of Debtor 2
   Signature of Debtor 1

   Executed on   **March 6, 2023**                          Executed on  _____

X  **/s/ Jonathon C. Elgin**                               Date  **March 6, 2023**
   **Jonathon C. Elgin**
   Signature of Attorney for Debtor(s)

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

23-60243-jpg   Doc 10   FILED 03/09/23   ENTERED 03/10/23 00:13:40   Page 6 of 7

| Debtor | Inez Avanell Crowe | Case number | 23-60243 |
|---|---|---|---|

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $20,767.32 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $7,492.12 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $25,531.04 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* + | $0.00 |
| | **Total of lines a through j** | $53,790.48 |